NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABNER ALEXANDER RIVERA-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-5484 <br><br> Agency No. <br> A088-328-282 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2026[**]
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges

Abner Alexander Rivera-Lopez ("Rivera"), a native and citizen of

Guatemala and previously a lawful permanent resident of the United States,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

dismissing his appeal from an immigration judge's ("IJ") decision denying asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Issues not raised in an opening brief are waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). And failure to challenge a dispositive factor for asylum and CAT protection waives these issues. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 nn.1-2 (9th Cir. 2010) ("Because [the petitioner] does not contest this finding [that petitioner's asylum claim was barred because he failed to apply within one year of arrival] or allege that any exception applies, he has waived the issue."); *see also Xinbing Song v. Sessions*, 882 F.3d 837, 841 n.8 (9th Cir. 2017) (holding petitioner "waived any challenge to his eligibility for" CAT relief because he "did not address the IJ's finding that the persecution he experienced did not rise to the level of torture.").

In his opening brief, Rivera does not challenge that his asylum application was untimely, which is dispositive of his asylum claim. *See* 8 U.S.C. § 1158(a)(2)(B). Rivera also fails to challenge the IJ's finding that he did not

establish that it is more likely than not that he would be tortured at the instigation of or with the consent of a public official if removed to Guatemala. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Therefore, he waives these issues.

2. To prevail on a due process claim, Rivera must show that "the proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks and citation omitted). And he must show prejudice. *Id.* Rivera claims his due process rights were violated by the IJ's (1) decision to admit his FBI rap sheet during his hearing on the merits of his application, (2) finding that there was no medical evidence supporting Rivera's claims of mental illness, and (3) line of questioning about Rivera's father.

The IJ did not err by admitting Rivera's FBI rap sheet. *See Kazlauskas v. I.N.S.*, 46 F.3d 902, 907 (9th Cir. 1995) (explaining an IJ may consider an applicant's "prior convictions" when assessing whether asylum is warranted). Rivera had the opportunity to object to the admission of the FBI rap sheet and contest the information in it. While this was the first time the FBI rap sheet was admitted into evidence, it was not the first time evidence of Rivera's extensive criminal history was introduced into the record. The IJ was already aware of Rivera's extensive criminal history, so its decision would likely remain the same had the FBI rap sheet not been admitted.

The IJ did not violate due process in finding that there was no medical evidence to substantiate Rivera's claim of mental illness. The IJ properly considered Rivera and his wife's testimony regarding his mental illness. While Rivera submitted evidence of his substance abuse treatments and counseling, he failed to submit medical records of his diagnoses and prescriptions.

The IJ did not violate due process by continuing to question Rivera after he admitted to not knowing the exact details surrounding his father's death. An IJ "should solicit oral testimony from the applicant" to "determine when [a noncitizen] has fabricated a claim in his written application" and "allow[ ] [a noncitizen] to establish[ ] eligibility for asylum by means of his oral testimony." *Colmenar*, 210 F.3d at 971-72 (internal quotations marks and citation omitted).

Here, the IJ acted properly by asking Rivera about his father's death because that was related to his asylum claim. The IJ only asked clarifying questions related to Rivera's previous testimony and written declarations. The record is absent of any evidence that the IJ was adversarial or prejudiced against Rivera. *Cf. id*. at 971-72 (finding a due process violation where the IJ acted "as a partisan adjudicator seeking to intimidate [the petitioner] and his counsel").

3. To qualify for withholding of removal, an applicant must show he will more likely than not be persecuted "because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Garcia v.*

4                                                                          25-5484

*Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quoting 8 U.S.C. § 1241(b)(3)(A)). To show persecution on account of political opinion, a noncitizen must show he held a political view, and he would be persecuted because of that view. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021).

Substantial evidence supports the IJ's finding that Rivera failed to show he had political opinions that would give rise to the risk of harm. Rivera claims that as an artist he includes his political opinions in his artwork. However, he does not articulate any specific opinions deliberately expressed in his work. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) ("A person's deeds express a political opinion only when they are sufficiently conscious and deliberate decisions or acts such that society would naturally attribute[ ] certain political opinions to the petitioner based on those acts." (citation modified)). Therefore, Rivera is unable to show a nexus of harm between his fear of future harm and his political opinions.

**PETITION DENIED**.

25-5484